UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD MARSHALL )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>FILIAS REALTY TRUST )<br>      Defendant. )<br> ) | C.A. NO. 04-12029 DPW |

## THE DEFENDANT, FILIAS REALTY TRUST'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT 1 OF THE PLAINTIFF'S COMPLAINT

Now comes the defendant, Filias Realty Trust, ("Filias") and respectfully submits the following opposition to the plaintiff, Edward Marshall's ("Marshall") motion for summary judgment on Count I of Marshall's complaint. As reasons therefore, Filias states no separate duty is created by the contract in this claim as one already exists under the negligence claim.[1]. Count I, purporting to be a claim for breach of contract, is actually a claim for strict liability, and is therefore inapplicable to this action. In further support of this opposition, Filias states as follows:

### BACKGROUND

For several years, Marshall leased a slip from Filias to berth "Reel Thrills," his 23-foot 1974 Penn Yan Avenger. In the winter of 2004, as she had done in previous winters, Paula Filias sent a letter and an application to Marshall seeking a deposit to rent a slip for the upcoming season. (See Deposition Transcript, Paula Filias, p. 16, attached hereto as Exhibit A; Correspondence from Paula Filias, attached hereto as Exhibit B). Marshall subsequently

---

[1] Count II of Marshall's Complaint assert a claim of negligence.

returned the completed application along with the deposit. (Boat Slip Application, attached hereto as Exhibit C; 2004 deposit, attached hereto as Exhibit D). The aforementioned documents were the extent of any written documents between Filias and Marshall. On June 4, 2004, Reel Thrills was damaged. Marshall claims that because Reel Thrills was damaged, Filias breached the contract.

## ARGUMENT

### A. The Summary Judgment Standard

Summary judgment is appropriate when the record reflects "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When determining a motion for summary judgment, the Court must examine all facts and draw all reasonable inferences in favor of the nonmoving party, and it may not make creditability determinations or weigh the evidence. See Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-555 (1990). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248 (1986).

### B. Marshall Can Only Possibly Recover Upon A Showing Of Negligence

As a matter of law, a "breach of contract" claim asserting that a party breached the implied warranty to perform contractual obligations in workman-like fashion, sounds in tort and is actually a claim for negligence:

> Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duty as distinguished from mere failure to perform it, causing damage, is a tort.

Abrams v. Factory Mutual Liability Ins. Co., 298 Mass. 141, 142 (1937). Count I alleges that Filias "failed to meet the terms of the contract by failing to provide a good, merchantable and

2

serviceable berth." This assertion therefore is actually a claim for negligence as no separate duty arose from the contract. See id.; Herbert A. Sullivan, Inc. v. Utica Mutual Insurance Company, 439 Mass. 387, 395 (2003). Count II therefore, alleging negligence, is the only viable count upon which Marshall could possibly recover. O'Malley v. Putnam Safe Deposit Vaults, Inc., 17 Mass.App.Ct. 332, 343 (1983) ("The only theory on which the plaintiff can recover, on the record before us, is for negligence, even if the duty of care arose out of the rental contract.").

In general, summary judgment is inappropriate in negligence actions. See TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 450 n.12 (1976) (noting the "jury's unique competence in applying the 'reasonable man' standard' to a given fact situation). A plaintiff can only recover in a negligence action upon a showing that the defendant breached the duty of care owed to the plaintiff which resulted in harm. See id. at 343. Therefore, the proper inquiry is whether Filias breached its duty of care.

In this matter, there is a factual dispute concerning whether Filias was negligent. There is no evidence to suggest that Filias was negligent. The subject incident was wholly unforeseeable. Alex Filias stated in his answers to interrogatories that prior to June 4, 2004, he had no knowledge of any potential hazard or danger to person or property presented by the existence of any pipe pilings. (Answer to Interrogatory No. 6, attached hereto as Exhibit E). There had never been any complaints from anyone concerning any submerged objects in the slips. (Deposition Testimony of Paula Filias, p. 34, Exhibit A). Alex Filias testified at his deposition that when they made the switch to the permanent pilings, they inspected the area for any debris. (Deposition testimony of Alex Filias, p. 62, attached hereto as Exhibit F). Alex and Paula Filias also testified that they customarily inspected the area. (Exhibit F, p. 73; Exhibit A, p. 24). In

3

addition, Alex Filias testified that he did not recognize the pipe that allegedly damaged Reel Thrills. (Exhibit F, p. 96, 98).

Furthermore, to the extent that Marshall seeks to assert that had it been a water slip, the incident would not have occurred, as evidenced by Paula Filias' deposition testimony, Filias asserts that it would be impossible to ensure a water slip at all times:

> Q: In your mind, can you tell us what a water slip is, what your understanding of water slip is?
>
> A: A slip that has access to the water at any tide, high or low.
>
> Q: So you could always pull it in, always pull it out regardless of the tide; is that correct?
>
> A: Yes. I don't know always, can you say always, there are tides that are extreme.
>
> Q: That's fine, you can let me know that.
>
> A: I would say I think always is a word that—how could I guarantee always when I'm dealing with natural elements.

Exhibit A, pp. 18-19. The above excerpt shows that Marshall's assertion that the slip must not have been a water slip, even if taken to be true, would not automatically render Filias liable.

Marshall seeks to avoid the requirement of showing that Filias breached its duty of care by mischaracterizing his negligence claim as a breach of contract claim. However, a party cannot disguise a negligence claim as a breach of contract claim simply by labeling it as such. "The label attached to a pleading or motion is far less important than its substance." *Lambley v. Kameny*, 43 Mass. App. Ct. 277, 281, 682 N.E.2d 907, 910 (1997) (citing SMITH & ZOBEL, RULES PRACTICE Sec. 7.11 (1974); and 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE Sec. 1196 (2d ed.1990)). Marshall therefore cannot avoid having to prove negligence merely by labeling his claim as breach of contract.

1168337v1

Along similar lines, the SJC has consistently rejected attempts to avoid the operation of statutes barring tort actions by re-characterizing an underlying tort as sounding in contract. See <u>Schenker v. Binns</u>, 18 Mass.App.Ct. 404 (1984) (rejecting a plaintiff's attempts to re-characterize a medical malpractice (tort) claim as a breach of contract in order to avoid presentment requirements of the Massachusetts Tort Claims Act); <u>Scandura v. Trombly Motor Coach Service, Inc.</u>, 370 Mass. 612 (1976) (refusing to allow plaintiff to seek pain and suffering on a contract theory against a common-carrier in light of tort prohibition of G.L. c 231 §6D).

Marshall's Motion for Summary Judgment ("Marshall's Motion") asserts that because Reel Thrills was damaged, then Filias automatically breached the contract. Marshall's Motion therefore asserts that Filias would be strictly liable for any damage incurred to Reel Thrills while in the slip for whatever reason. Filias was not the insurer of Reel Thrills and any arguments advanced concerning strict liability are therefore misplaced.

As stated, the proper inquiry in this matter is whether Filias conduct was negligent. There is no separate duty and cause of action for breach of contract and therefore Count I asserting breach of contract is improper. Therefore, Count I, concerning breach of contract and the arguments advanced in Marshall's Motion, do not relieve Marshall from his burden to prove that Filias was negligent.

WHEREFORE, defendant, Filias Realty Trust, respectfully requests that Marshall's Motion for Summary Judgment on Count I be denied.

## REQUEST FOR ORAL ARGUMENT

Filias Realty Trust respectfully requests a hearing on this matter.

1168337v1

The defendant,
By their Attorneys,

/s/ *Melissa S. Arnold*

_____
William J. Flanagan, BBO #556598
Melissa S. Arnold, BBO#655292
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA  02210
(617) 439-7500

**Certificate of Service**

**I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 1, 2006**

/s/ *Melissa S. Arnold*

_____
Melissa S. Arnold, BBO #655292

6