UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD MARSHALL<br>Plaintiff,<br><br>v.<br><br>FILIAS REALTY TRUST<br>Defendant. | C.A. NO. 04-12029 DPW |

## FILIAS REALTY TRUSTS'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**

Please state your name, address, and relationship to Filias Realty Trust.

**ANSWER No. 1:**

Alex Filias, 1 Wood Hollow Road, Manchester, MA, former trustee.

**INTERROGATORY NO. 2**

Please state whether Filias Realty Trust owned the slip, located on the Essex River, which it leased to the plaintiff during the year 2004 (hereinafter "the slip").

**ANSWER No. 2:**

"Filias Realty Trust" owned the slip from the mid 1970's until 2003, at which time the slip was transferred to the "138 Main Street Realty Trust".

**INTERROGATORY NO. 3**

If the answer to the foregoing interrogatory is in the affirmative, please state:

(a) for how long the defendant has owned the slip in question;

(b) from whom the defendant purchased the slip in question;

(c) the date upon which the defendant purchased the slip in question.

**ANSWER No. 3:**

(a)   See Answer No. 2 ;

1131366v1

(b) the slip was transferred to the 138 Main Street Realty Trust from the Filias Realty Trust;

(c) not applicable.

**INTERROGATORY NO.4**

Please state, since the defendant has been the owner of the slip in question, whether any alterations, modifications, or changes to the slip and/or the attendant dock space have been undertaken, and if so, please state:

(a) the date or dates upon which such work was carried out;

(b) the name and address of the person or entity undertaking such work;

(c) the nature of such work undertaken;

(d) the reasons why such work was undertaken.

**ANSWER No. 4:**

(a) 1998 and 2003;

(b) Filias Realty Trust and Mr. Norris Marston of Gloucester, MA;

(c) In 1998 the attendant dock was reconfigured, in 2003 the metal pilings were replaced with wooden ones;

(d) The attendant dock was reconfigured in 1998 to comply with a Chapter 91 license from the Commonwealth of Massachusetts. The metal pilings were replaced with wooden ones because I was informed that wooden pilings were more durable than metal ones.

**INTERROGATORY NO.5**

Please state whether, prior to June 4, 2004, the defendant, its agents, servants, or employees, had any knowledge or information concerning the existence of pipe pilings in or around the area of the slip and, if so, please state:

(a) the exact nature of any such information or knowledge possessed by the defendant;

(b) the manner in which the defendant obtained such information or knowledge;

(c) the name and address of any person or entity providing such information or knowledge to the defendant.

**ANSWER No. 5:**

(a - c) In 2003 the metal pilings for the attendant dock were replaced by wooden pilings by the defendant.

1131366v1

**INTERROGATORY NO.6**

Please state whether, prior to June 4, 2004, the defendant was made aware, by any means, of any potential hazard or danger to persons or property posed by existence of pipe pilings in or around the slip and, if so, please state:

(a) the manner in which the defendant received or obtained such information or knowledge;

(b) the name and address of any person or entity providing such knowledge or information;

(c) a description of any steps taken by the defendant as a result of its receipt of such knowledge or information.

**ANSWER No. 6:**

(a-c) No.

**INTERROGATORY NO.7**

Please state whether, prior to June 4, 2004, the defendant had any knowledge or information, from any source whatsoever, that the slip was experiencing decreasing of water levels and, if so, please:

(a) the source of any such knowledge or information, including the name and address of the person or persons providing such information;

(b) the nature of any steps taken by the defendant as result of such knowledge or information.

**ANSWER No. 7:**

(a-b): The slip is in an area that is affected by the tides and the water level rises and lowers on a daily basis.

**INTERROGATORY NO.8**

Please describe all the communications with the defendant, its agents, servants or employees have had with any person or entity concerning the existence of pipe pilings in or around the slip, including in your answer:

(a) the person or persons with whom such conversations or communications occurred;

(b) the nature of such communications, i.e. whether oral, written, etc.

(c) the date of any such communications;

(d) the nature of such communications.

**ANSWER No. 8:**

(a-d)  Andrew Spinney of Anchor Dive & Mooring Service removed metal pipes from the area beneath the plaintiff's boat slip on the date of the incident. I spoke to Mr. Spinney briefly while he was there about the pipes.

**INTERROGATORY NO. 9**

Please state whether the defendant has taken any statement from any person concerning the matters alleged in the plaintiff's complaint and, if so, please state:

(a) the name of the person giving such a statement;

(b) whether such statement was oral, in writing, or recorded;

(c) the nature of substance of the information obtained in such statement;

(d) the state of the statement;

(e) the name and address of the person in possession of such statement.

**ANSWER No. 9:**

(a-e):  <u>OBJECTION</u>:  The defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine, and attorney-client privilege, which are beyond the scope of discovery allowed by Rule 26. The defendant also objects to this interrogatory on the grounds that it seeks discovery of information prepared in anticipation of litigation or for trial or for the defendant or by or for the defendant's representative. Without waiving, and subject to said objection, the defendant states, please see Exhibit 1, attached.

**INTERROGATORY NO.10**

Please completely identify each person that the defendant or the defendant's attorney expects to call as an expert witness at trial, and as to each such person state:

(a) name, home address, business address, occupation, title, area of specialization, if any, and the professional relationship to the defendant;

(b) the subject matter on which the expert is expected to testify;

(c) the substance of the facts and opinions to which the expert is expected to testify;

(d) a summary of the grounds and specific data for each opinion held by the expert;

(e) a list of books, treatises, articles, and other works which such person regards as authoritative on the subject matter on which he is expected to testify, and which he expects to refer to while testifying.

**ANSWER No. 10:**

(a-e): <u>OBJECTION:</u> The defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine, and attorney-client privilege, which are beyond the scope of discovery allowed by Rule 26. The defendant also objects to this interrogatory on the grounds that it seeks discovery of information prepared in anticipation of litigation or for trial or for the defendant or by or for the defendant's representative. Notwithstanding nor waiving the foregoing objections, the defendant states that no decision has been made regarding experts to be called at the time of trial. The defendant reserves the right to supplement this answer pursuant to the applicable Rule(s).

**INTERROGATORY NO.11**

Please state all knowledge/information which the defendant presently possesses regarding the cause of the damage to the plaintiff's vessel, as alleged in the complaint, including the sources of all such knowledge/information.

**ANSWER No. 11:**

<u>OBJECTION:</u> The defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine, and attorney-client privilege, which are beyond the scope of discovery allowed by Rule 26. The defendant also objects to this interrogatory on the grounds that it seeks discovery of information prepared in anticipation of litigation or for trial or for the defendant or by or for the defendant's representative. Notwithstanding nor waiving the foregoing objections, the defendant has been notified that the plaintiff alleges that the damage to his boat was caused by a metal pipe(s) that protruded from the ground beneath his boat slip.

1131366v1

*The undersigned deposes and says that he signs the answers to plaintiff's interrogatories for and on behalf of Filias Realty Trust, and is authorized to do so; that the matters stated in the foregoing responses are not all within her personal knowledge; that such facts as are stated in said responses which are not within the personal knowledge of the deponent have been assembled by authorized agents, employees and counsel of said defendant and the deponent is informed and believes that the facts stated in said responses are true and so states under the pains and penalties of perjury.*

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS THE 25TH DAY OF JULY, 2005

Filias Realty Trust
By and through, Trustee,
Alex Filias

*/s/ Alex Filias*

As to Objections:

*/s/*
William Joseph Flanagan, BBO # 556598
Jeffrey D. Kiesling, BBO #651521
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

6

1131366v1