UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD MARSHALL<br>　　　Plaintiff,<br><br>v.<br><br>FILIAS REALTY TRUST<br>　　　Defendant. | C.A. NO. 04-12029 DPW |

### THE DEFENDANT, FILIAS REALTY TRUST'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER

### (LEAVE TO FILE GRANTED ON SEPTEMBER 1, 2006)

The defendant, Filias Realty Trust, ("Filias") respectfully submits the following Motion for Reconsideration of Summary Judgment Order. ("Motion for Reconsideration").

As grounds therefore, Filias asserts the following[1]:

I. **Plaintiff's Breach Of Contract Claim That The Filias Failed To Provide A "Safe" And "Serviceable" Requires A Finding Of Negligence For Filias To Be Liable**

The plaintiff has alleged that Filias failed to provide a safe and serviceable slip. The Court notes that the serviceable quality of the slip was a material term of the parties' oral contract. (Memorandum and Order, p. 10). Filias respectfully asserts that contrary to the Court's decision, Filias has not, and does not, assert that the serviceable quality of the slip was *not* a material term of the contract. (Memorandum and Order, p. 10). Rather, Filias maintains that the question of whether this term was breached is a question of negligence.

---

[1] Filias reasserts all arguments asserted in Filias' Opposition to Plaintiff's Motion for Summary Judgment.

1184246v1

The Court cites Abrams v. Factory Mutual Liability Ins. Co., 298 Mass. 141 (1937) for the proposition that Filias can maintain *both* a contract action and a tort action. However, the Abrams court's holding was premised on the fact that a finding of negligence was required for the plaintiff to prevail on the breach of contract claim:

> Plaintiff can maintain an action of contract against the defendant if, without excuse, the defendant wholly refused to defend. He can likewise maintain an action of contract if the defendant acted negligently.

Abrams v. Factory Mutual Liability Ins. Co., 298 Mass. 141, 143 (1937) (emphasis added) (reversing lower court's grant of demurrer on behalf of insurer on breach of contract claim). Abrams and its progeny all assert that that a breach of contract action requires a showing that the defendant acted negligently. See The Hartford Casualty Insurance Company v. The New Hampshire Insurance Company, 417 Mass. 115, 118 (1994), citing Abrams v. Factory Mutual Liability Ins. Co., (noting that "an insurer may be liable for its negligent handling of the defense (tort) and for its negligent failure to carry out its promise to defend (contract) . . .."); Sullivan, Inc. v. Utica Mutual Insurance Company, 439 Mass. 387, 396 (2003), quoting Hartford Cas. Ins. Co. v. New Hampshire Ins. Co., 417 Mass. 115, 118 (1994) (insurer may be liable in contract for negligent failure to satisfy promise to defend and liable in tort for negligent handling of defense).

Therefore, while the plaintiff can maintain both a breach of contract claim and a negligence claim, in order to prevail on the breach of contract claim, the plaintiff must show that the breach was caused by the Filias' negligence. See id. Absent a finding of negligence,[2] summary judgment should not have been granted. Therefore, the defendant respectfully asserts that the Court incorrectly granted the plaintiff's motion for summary judgment.

___

[2] As stated in Filias' Opposition to the Plaintiff's Motion for Summary Judgment, in general, summary judgment is inappropriate in negligence actions.

2

1184246v1

II. **The Fact That The Slip Provided Was To Be A Water Slip Does Not Establish That The Defendant Breached Its Contract**

Filias does not dispute that the oral contract entered into was one for a water slip. A footnote in the plaintiff's Motion for Summary Judgment states that "had the slip been a full water slip, as represented" no damage would have been done. (The Plaintiff's Motion for Summary Judgment, p. 6, footnote "*"). The plaintiff does not even attempt to prove this conclusory assertion. In its decision, the Court notes the following:

> Furthermore, a water slip, by its definition, should contain adequate water at all times. That the boat was damaged by a pole protruding inches from the riverbed of the slip suggests that the water slip did not contain a sufficient level of water.

Memorandum and Order, p. 10 (emphasis added). The plaintiff has not adequately satisfied his burden of showing that had it been a water slip, the incident would not have happened. Indeed, the thrust of the plaintiff's motion for summary judgment is that Filias failed to provide a "good and merchantable" slip. Filias respectfully asserts that the Court's reliance on a conclosury statement contained in a footnote for its finding of summary judgment was improper.

III. **CONCLUSION**

For the foregoing reasons, the defendant, Filias Realty Trust, respectfully requests that the Court reconsider its summary judgment order and grant such other relief as the Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT**

Filias Realty Trust respectfully requests a hearing on this matter.

1184246v1

                                      The defendant,
                                      By their Attorneys,

                                      */s/ Melissa S. Arnold*
                                      _____
                                      William J. Flanagan, BBO #556598
                                      Melissa S. Arnold, BBO#655292
                                      **MORRISON MAHONEY LLP**
                                      250 Summer Street
                                      Boston, MA 02210
                                      (617) 439-7500

**Certificate of Service**

**I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 1, 2006**

*/s/ Melissa S. Arnold*
_____
Melissa S. Arnold, BBO #655292