```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

EDWARD MARSHALL,
     Plaintiff,

     v.                              CIVIL ACTION NO.
                                     04-12029-MBB

FILIAS REALTY TRUST,
     Defendant.


**MEMORANDUM AND ORDER RE:
THE DEFENDANT, FILIAS REALTY TRUST'S MOTION FOR
RECONSIDERATION OF SUMMARY JUDGMENT ORDER
(DOCKET ENTRY # 24)**

**September 14, 2006**

**BOWLER, U.S.M.J.**

On July 18, 2006, this court allowed a motion for summary judgment filed by plaintiff Edward Marshall ("plaintiff") on the breach of contract claim in Count One of the complaint. (Docket Entry # 22). Defendant Filias Realty Trust ("Filias") moves for reconsideration. Having heard oral argument on September 7, 2006, the motion for reconsideration (Docket Entry # 24) is ripe for review.


DISCUSSION

First and foremost, Filias fails to present an adequate basis for this court to reconsider the prior Memorandum and Order. It is true that as an interlocutory ruling this court has the discretion to reconsider the allowance of summary judgment. See Geffon v. Micrion Corporation, 249 F.3d 29, 38 (1st Cir.

2001). To justify such reconsideration, however, "a party must show that there has been some intervening development in the law, some new evidence not previously available, or that the prior order is in clear error or would operate to create a manifest injustice." NPR, Inc. v. American International Insurance Co. of Puerto Rico, 262 F.Supp.2d 3, 5 (D.P.R. 2003); see also United States v. Rivera-Martinez, 931 F.2d 148, 150-152 (1st Cir. 1991). Filias' arguments do not fall within the reach of the foregoing parameters.

In the alternative, the arguments on the merits do not require a reversal of the prior Order and a denial of the summary judgment motion on the breach of contract claim.

Familiarity with the record is presumed. Filias poses two arguments. First, Filias maintains that to prevail on the breach of contract claim requires a showing of negligence. Filias relies on the following language by the Massachusetts Supreme Judicial Count ("SJC") in Abrams v. Factory Mutual Liability Ins. Co., 10 N.E.2d 82 (Mass. 1937):

> The plaintiff could maintain an action of contract against the defendant if, without excuse, the defendant wholly refused to defend. He can likewise maintain an action of contract if the defendant defended negligently.

Id. at 84.[1] Inasmuch as this court did not make an express

---

[1] As stated in the prior opinion, federal maritime law applies to the breach of contract claim. Because the breach of contract claim in the case at bar implicates the nonperformance breach of contract claim discussed in Abrams, the application of that aspect of state law set forth in Abrams is not inconsistent

finding of negligence, Filas asserts that summary judgment on the contract claim was incorrect.

Filias, however, fails to distinguish between negligent performance of a contract and nonperformance of a contract. As expressed by the SJC in Abrams, "The plaintiff could maintain an action of contract against the defendant if, without excuse, the defendant wholly refused to defend" and he could "likewise maintain an action of contract if the defendant defended negligently." Id. at 83. Plaintiff's contract claim relies on the former, to wit, the nonperformance theory. Filias agreed to provide a safe and usable berth. It breached that material term causing economic damage. Negligence is not required. See generally La Esperanza de P.R., Inc. v. Perez y Cia. de Puerto Rico, Inc., 124 F.3d at 16 (shipowner may receive indemnity from marine contractor under breach of contract claim concerning "implied warranty of workmanlike service, albeit that such

---

with maritime contract law. See Ham Marine, Inc. v. Dresser Industries, Inc., 72 F.3d 454, 459 (5th Cir. 1995) (state contract law may apply "[t]o the extent that it is not inconsistent with admiralty principles"); see also Wilburn Boat Co. v. Fireman's Fund Insurance Co., 348 U.S. 310, 314-315 (1955) (state law governed maritime contract given absence of "judicially established federal admiralty rule" and "there was no need to "fashion one"). Nonetheless, notwithstanding the absence of distinctions between the two bodies of law as applied in this case, federal maritime law governs this dispute. See generally La Esperanza de P.R., Inc. v. Perez y Cia. de Puerto Rico, Inc., 124 F.3d 10, 16 (1st Cir. 1997) ("federally developed maritime law applies both when a court construes the terms of a repair contract and when it construes the standard of performance due thereunder").

performance was done without negligence").

Filias also argues that this court's decision amounts to the imposition of strict liability on the parties. This court disagrees. Parties to an express contract or a contract implied by their conduct are bound by their promises. Notably, they are free to make or not make those promises. In contrast, strict liability is a concept that adheres in tort law. Tort obligations "'are imposed by law on policy considerations to avoid some kind of loss to others.'" Sullivan, Inc. v. Utica Mutual Insurance Co., 788 N.E.2d 522, 531 (Mass. 2003) (quoting W.L. Prosser & W.P. Keeton The Law of Torts § 92 at 656 (1984)). Such obligations are distinct "'from and independent of promises made'" under a contract. Id.; see also Hargrave v. Oki Nursery, Inc., 636 F.2d 897, 898-899 (2nd Cir. 1980) (applying federal maritime law in the course of discussing distinctions between contract and tort law).

Second, Filias argues that the fact that the slip was a water slip does not mandate a finding that Filias breached the contract. The summary judgment record, however, establishes that there was a pole protruding from the sea bottom of the slip which caused the damage. A safe and usable water slip does not encompass a slip with a pole protruding from the sea bottom to a point where it can puncture the hull of the berthed vessel.

CONCLUSION

In accordance to the foregoing discussion, the motion for reconsideration (Docket Entry # 24) is **DENIED**.

                                        /s/   Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge